**Stellar v. Saucon Mutual Ins. Co.**

C.P. of Lehigh County, No. 2011-C-4714.

*James T. Huber,* for plaintiff.
*Michael P. Shay,* for defendant.

REIBMAN, *J.,* March 28, 2012—The present dispute arises out of the cancellation of an insurance policy issued by defendant Saucon Mutual Insurance Co. Plaintiff has filed a four-count complaint seeking recovery under theories of fraud, breach of contract, and the Unfair Trade Practices and Consumer Practices Law (UTPCPL). Defendant has filed preliminary objections demurring to the claims for punitive damages and attorney's fees. Additionally, defendant seeks to strike allegations of emotional distress appearing in the complaint. For the reasons that follow, the objections will be sustained in part and denied in part.

## Background

As alleged in the complaint, defendant originally sold to defendant Anthony Stellar and his now late wife, Deborah Stellar, and issued in their names a "perpetual" property insurance policy, covering a dwelling house, outbuildings and the lot on which the improvements are located. Being "perpetual" policies, the premium was covered by a large initial payment, with no additional annual premiums due. The policy also carried with it the added benefit of a return of the initial principal payment upon termination of the

policy.

As part of an estate plan, the subject realty was transferred to Mrs. Stellar, who, in turn, conveyed the property to a revocable trust bearing her name. Defendant took the position that such a change in ownership warranted cancellation of the policy. Plaintiff, however, hired counsel and challenged that action before the insurance commission, whereupon he obtained a favorable ruling directing reinstatement of the policy. Thereafter, defendant attempted to charge an additional premium. This prompted another administrative challenge, at the end of which plaintiff was again vindicated and the increase in premium disallowed.

Plaintiff has now filed an action in common pleas, alleging breach of contract, common-law fraud, and violations of the UTPCPL, 23 P.S. § 201-1 et seq. He also alleges in the complaint that he suffered severe emotional distress as a result of the cancellation of the policies, coming as it did only days after the death of his wife. Plaintiff seeks compensatory damages equivalent to $6,304.61 as costs incurred in obtaining replacement insurance policies he was forced to purchase. Plaintiff also seeks to recover as damages attorney's fees in excess of $18,000 incurred in the administrative actions before the insurance commission. Lastly, plaintiff seeks punitive and treble damages under the UTPCPL as well as punitive damages for common-law fraud, contending that defendant "acted intentionally in order to advance its own business interests despite the policy provisions [that permitted assignment to the revocable trust]." (See Compl ¶ 44.)

Defendant preliminarily objects to the complaint. It

demurs to the claims of punitive damages under both the claims of fraud and the UTPCPL, maintaining that the facts alleged fail to state a claim for punitive damages under the fraud count and that such damages cannot be awarded under the UTPCPL as a matter of law. Additionally, it moves to strike the allegation of emotional distress, arguing that only pecuniary damages equivalent to "actual loss" may be recovered on the allegations set forth in the complaint.

## Legal Standard

Preliminary objections in the nature of a demurrer will be sustained "only if, assuming the averments of the complaint to be true, the plaintiff has failed to assert a legally cognizable cause of action." *Kramer v. Dunn*, 749 A.2d 984, 990 (Pa. Super. 2000) (internal quotation marks omitted). Moreover, "[a]demurrer should not be sustained if there is any doubt as to whether the complaint adequately states a claim for relief under any theory." *Sevin v. Kelshaw*, 611 A.2d. 1232, 1235 (Pa. Super. 1992). Finally, in lieu of simply sustaining or overruling a preliminary objection, the court retains discretion to permit or require an amended pleading. *Motheral v. Burkhart*, 583 A.2d 1180, 1183 n.1 (Pa. Super. 1990), *superseded on other grounds by* Pa.R.A.P. 341.

## Attorney's Fees

As noted, defendant objects to plaintiff's claims for recovery of attorney's fees incurred in the proceedings before the insurance commission. It argues there is no recognized exception to the so-called "American Rule" that would allow recovery of attorney's fees in the present circumstances. In response, plaintiff contends those fees,

incurred in its previous proceedings through which the subject insurance policy was reinstated, are recoverable as "damages" in this subsequent action.

Plaintiff misapprehends the rule emanating from the cases in which attorney's fees have been awarded as an element of damages. In the cases in which attorney's fees in predecessor actions have been recognized as recoverable damages, the underlying contractual right involved a *right to representation.* Hence, where a defendant failed to discharge that obligation consisting of a contractual duty to *defend,* the courts understandably have held that in order to make plaintiff whole, the defendant must pay the fair amount of the attorney's fees plaintiff incurred in a previous proceeding. See *Mosaica Academy Charter School v. Com. Dept. of Educ.,* 572 Pa. 191, 209, 813 A.2d 813, 824 (Pa. 2002). Simply put, the right to an attorney was a benefit flowing from the underlying contract that the defendant was obligated to provide. *Id.* And in keeping with that logic, it has also been held that where a plaintiff is forced to file a subsequent declaratory judgment action to vindicate the underlying right to counsel, justice demands that an award of attorney's fees in the subsequent action is necessary, as supplemental relief under the authority of the declaratory judgments act, 42 Pa. C.S. § 7538, so as not to render Pyrrhic the underlying victory in securing the contractual right to counsel. See *id.* at 824; *Kelmo Enterprises Inc. v. Commercial Union Insurance Company,* 426 A.2d 680 (Pa. Super. 1981). Federal case law cited by plaintiff similarly bases the right to recover attorney's fees in a prior proceeding as an element of damage where there occurred a breach of an underlying duty to provide representation in a previous matter. See, e.g., *Bygott v.*

*Leaseway Transp. Corp.*, 637 F.Supp. 1433, 1440 (E.D. Pa. 1986) (union failed to provide representation in grievance proceeding in violation of rights of member).

Here, however, plaintiff does not allege defendant breached any duty to defend him in a previous matter or that defendant was contractually obligated to provide representation in the proceedings before the insurance commission. Instead, he seeks recovery of fees he incurred as a result of his retaining legal counsel to pursue other contractual rights against defendant in a prior proceeding. No exception to the so-called "American Rule," under which each party pays his own legal fees, see *Bygott*, supra, 637 F.Supp. at 1439, has been recognized in such circumstances. The general assembly, of course, remains free to abrogate the rule and award counsel fees to prevailing parties in matters before the insurance commission, but the court cannot judicially create such a right. Accordingly, the demurrer to plaintiff's claims for attorney's fees incurred in the previous administrative disputes between the parties will be sustained and the alleged damages based on counsel fees in previous proceedings shall be stricken.

## Punitive Damages

Defendant demurs to the claim for punitive damages asserted in count II, arguing such relief is not forthcoming under the UTPCPL. Because exemplary damages are specified in the amount of treble the compensatory award, defendant's point is well taken. The Superior Court has observed that "although the [UTPCPL] does allow the court to impose up to treble damages for actual damage sustained, it does not otherwise confer a right to punitive damages." *McCauslin v. Reliance Finance Co.*, 751 A.2d

683, 685 (Pa. Super. 2000); see also *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 401-02 (3d Cir. 2004). Plaintiff's claim for punitive damages under the UTPCPL will, therefore, be stricken.

Defendant also demurs to the claim for punitive damages set forth in count III, arguing that "fraud alone" is insufficient to warrant an award of exemplary damages and the complaint is devoid of facts demonstrating the requisite outrageous conduct to allow such a claim to move forward. Plaintiff counters that it has pled that the conduct of defendant in acting its own economic self-interest was "willful, reckless, and outrageous" and, thus, it would be appropriate for a finder of fact to consider the issue.

The guiding principle, repeatedly articulated by the appellate courts, is that in order for punitive damages to attach to an action in fraud, there must be more than the commission of fraud itself. See, e.g., *Smith v. Renaut*, 564 A.2d 188, 193 (Pa. Super. 1989) (citing cases). As the Superior Court has instructed, "If the rule were otherwise, punitive damages could be awarded in all fraud cases. This is not the law. The rule, rather, is that for punitive damages to be awarded there must be acts of malice, vindictiveness, and a wholly wanton disregard of the rights of others." *Id.* at 193. On another occasion, the Superior Court reiterated that an award of exemplary damages requires a showing of "'malice, vindictiveness and wanton disregard' to encompass that kind of conduct that is wholly reckless of another's rights. Fraud, alone, is not sufficient to satisfy the rule." *Golumb v. Korus*, 396 A.2d 430, 432 (Pa. Super. 1978) (quoting *People's National Bank v. Kern*, 44 A.331 (Pa. 1899)); cf. *Lesoon v. Metropolitan Life Ins. Co.*, 898 A.2d 620 (Pa. Super. 2006)

(finding jury question on punitive damages arising from fraud claim premised on forgery of payment authorization by insurer's agent).

It will be acknowledged, however, that the Superior Court has also observed that it would be "difficult to picture a fact pattern which would support a finding of intentional fraud without providing proof of "outrageous conduct" to support an award of punitive damages." *Delahanty v. First Pennsylvania Bank, N.A.*, 464 A.2d 1243, 1263 (Pa. Super. 1983). But thereafter, in *Rizzo v. Michener*, 584 A.2d 973, 979 (Pa. Super. 1990), the Superior Court identified such an example in a case concerning misrepresentation of the extent of termite damage, holding the deceit in that case insufficient as matter of law to warrant the imposition of punitive damages. And, perhaps more noteworthy, in *Pittsburgh Live Inc. v. Servov*, 615 A.2d 438, 442 (Pa. Super. 1992), the court reversed an award for punitive damages where the finder of fact had determined the defendant fraudulently induced an assignment of realty by altering a document after the fact. There, the Superior Court held that such evidence failed to constitute "malice, vindictiveness and a wholly wanton disregard of the rights of others" over and above the fraud requisite for an award of compensatory damages. *Id.*

In this matter, plaintiff contends in the complaint that defendant acted in its own economic interest in refusing to honor its contractual obligations "because it found the...policies were not profitable" and cites the conclusory allegation therein that defendant's actions were "willful, reckless, and outrageous." However, there are no factual allegations in the complaint from which it may be inferred that defendant possessed the scienter demanded under

the standard set forth by the commonwealth's appellate courts. Surely, if the fact of "fraud alone," which demands a showing of intentional deception, has been deemed not enough, then conduct which is tantamount to a simple, albeit intentional, breach of contract will not suffice to warrant punitive damages absent some further tortious element of evil motive in the form of malice, vindictiveness or wanton disregard of plaintiff's rights. Cf. *Daniel Adams Associates, Inc. v. Rimbach Pub. Inc.*, 429 A.2d 726 (Pa. Super. 1981) (punitive damages not recoverable for breach of contract, irrespective of intentionality).

Although plaintiff points to *Lesoon*, supra, as authority in support of its claim for punitive damages in this matter, that case, as noted above, involved forgery by the insurer in the perpetration of a fraudulent transaction. Plaintiff here has not pled facts rising, or descending, to that level of egregiousness. Accordingly, the demurrer to the claim for punitive damages on the claim of common-law fraud thus appears to be on sound footing. However, in view of the stringent standard applicable to preliminary objections in the nature of a demurrer, plaintiff shall be afforded the opportunity to file an amended complaint to set forth further facts, if any he has, in support of the claim that defendant acted in a willful, reckless and outrageous fashion.

### Emotional Distress Damages Recoverable in Claim of Fraud

Finally, in perhaps the most intriguing issue raised by the pleadings, defendant also objects to an averment in the complaint which appears to assert that plaintiff "suffered severe emotional distress due to the cancellation of the

policies days after his wife's death."[1] Defendant moves to strike the allegation, arguing that damages for mental suffering are not available under a cause of action based on fraud. Plaintiff responds that defendant has failed to cite a case that unequivocally precludes recovery of emotional distress in a claim sounding in fraud.

In Pennsylvania, there appears to be a lone appellate case touching upon this issue. In *Schuster v. Clark*, 50 Pa. Super. 459 (1912), the defendant real-estate agent had been found liable for deception in the course of procuring a buyer for plaintiff's property. *Ibid.* In the context of addressing the propriety of an award of punitive damages in that instance, the court held that mental suffering could properly be taken into account in evaluating the vexation defendant's conduct caused to plaintiff. *Ibid.* Accordingly, on the authority of that decision, it would appear that at least where punitive damages are recoverable, the finder of fact may consider the annoyance to, and grief of, the plaintiff in fashioning an appropriate punitive remedy. Because, in this matter, plaintiff has been afforded leave to amend his complaint in support of punitive damages, it would be premature at this juncture to strike the allegations regarding emotional distress. On that basis, therefore, defendant's preliminary objection must fail and the averment in respect to emotional distress will not be stricken as impertinent.

---

1. Curiously, there is no paragraph 46 appearing in the original version of the complaint filed of record in this matter; instead, only a fragment thereof appears between paragraphs 45 and 47. The quoted language is, therefore, taken from defendant's brief. Rather than dismiss the objection on this basis as moot, the merits of the preliminary objection will be addressed so as to avoid repetition of the arguments upon the filing of an amended complaint.

That result, however, leaves unanswered the question of whether and, if so, under what circumstances damages for emotional distress may be recovered as compensatory damages in the event of fraud. And because the issue is likely to be soon revisited in this case, it is appropriate to address the circumstances in which emotional distress damages may be recovered under a claim of fraud.

No appellate decision in Pennsylvania has directly confronted the issue and the courts of Pennsylvania's sister states remain divided on the question of the viability of emotional distress claims of damages as a consequence of fraud. See Steven J. Gaynor, Annotation, *Fraud Actions: Right to Recover for Mental or Emotional Distress*, 11 A.L.R.5th 88 (1993); Andrew L. Merit, *Damages for Emotional Distress in Fraud Litigation: Dignitary Torts in a Commercial Society*, 42 Vand. L.Rev. 1 (1989).[2] Many jurisdictions have chosen to deny recovery on the theory that where fraud is alleged, "the interest ordinarily protected in such cases is purely an economic interest and does not include interests in personality." Dobbs, *Law of Remedies* (2d Edition) § 9.2 (4) at 698. And, the argument runs, because fraud involves an economic as opposed to a dignitary tort, emotional injuries, which do not constitute pecuniary damages, are not recoverable. See *ibid.*

---

2. In *MacGregor v. Mediq Inc.*, 576 A.2d 1123, 1127 (Pa. Super. 1990), the Superior Court reinstated a cause of action where the plaintiff had sought both punitive and emotional distress damages in a single count jointly alleging negligence and fraud. In allowing the claims to move forward through an amended pleading, the court noted that "[t]hese types of damage, of course, are recoverable under these two theories of liability." *Ibid.* However, the court discussed and cited authorities dealing solely with punitive damages and did not further address the contours of recovery of emotional distress under either negligence or fraud, or both, in the absence of punitive damages so as to distinguish the case from *Schuster*, supra. See *ibid.*

For example, in denying recovery for mental suffering stemming from fraud, the Supreme Court of Iowa explained as follows:

> One of the keys to an award of damages for fraudulent misrepresentation is that the party committing the fraud could have contemplated the claimed damage as a consequence of the fraud at the time the misrepresentation was made. Damages for mental distress are not ordinarily contemplated in a business transaction; thus, few courts have recognized their availability as an element of fraud damages. See *Walsh v. Ingersoll-Rand Co.*, 656 F.2d 367, 370-71 (8th Cir. 1981); *Moore v. Slonim*, 426 F.Supp. 524, 527 (D.Conn.). aff'd, 562 F.2d 38 (2d Cir. 1977) ("It is black letter law that damages for mental distress are not ordinarily available in a cause of action for a business fraud."); *Ellis v. Crockett*, 51 Hawaii 45, 52, 451 P.2d 814, 820 (1969) (emotional distress damages recoverable only if amounting to separate intentional tort); *Harsche v. Czyz*, 157 Neb. 699, 710, 61 N.W.2d 265, 272 (1953) (prejudicial error to instruct jury on emotional distress in fraud case, even though damages for emotional distress recoverable for breach of promise of marriage). But see *McNeill v. Allen*, 35 Colo.App. 317, 325, 534 P.2d 813, 819 (1975). We adhere to the view announced by Professor Dobbs,

> deceit is an economic, not a dignitary tort, and resembles, in the interests it seeks to protect, a contract claim more than a tort claim. For this reason, though strong men may cry at the loss of money, separate recovery for mental anguish is usually denied in deceit cases.

Dobbs [*Law of Remedies* (First Edition)] § 9.2, at 602.

*Cornell v. Wunschel*, 408 N.W.2d 369 (Iowa 1987). Likewise, the Supreme Court of Maine has rejected emotional distress as a basis for damages in fraud claims: "We therefore conclude that pecuniary loss is an essential element of a fraud action and that damages for emotional or mental pain and suffering are not recoverable. We see no reason to depart from the well-established view that fraud actions are essentially economic in nature and serve to protect economic interests. See *generally* D. Dobbs, *Handbook on the Law of Remedies* § 9.1 at 591-592 (1973)." *Jourdain v. Dineen*, 527 A.2d 1304 (Me. 1987).

This logic is sound as far as it goes. However, inherent in these cases is the assumption that in essentially economic transactions, emotions and mental well being are not normally contemplated. That merely begs the question of the proper result when mental suffering is indeed foreseeable based on either the nature of the parties' relationship or the subject matter of their encounters. Alert to that nuance, other common law courts have opted not to foreclose recovery of damages for mental suffering resulting from acts of intentional deception. See, e.g., *Kilduff v. Adams, Inc.*, 593 A.2d 478 (Conn. 1991) (emotional distress damages recoverable where defendant should have realized conduct involved unreasonable risk of emotional distress resulting in illness or bodily harm); *Umphrey v. Sprinkel*, 682 P.2d 1247 (Idaho 1983) (damage for mental suffering recoverable where, inter alia, bodily harm occurs and defendant had reason to know conduct would cause mental suffering for reasons other than mere pecuniary loss).

Pennsylvania courts do not appear to have ever expressly confronted a fraud claim in which the defendant was charged with having reason to know, either because of the subject matter of the encounter or the nature of the relationship with the plaintiff, that serious emotional injury and mental suffering would ensue as a result of deception or misleading information. Nevertheless, in Pennsylvania, fraud has traditionally been viewed as an economic tort and, as such, recoverable damages in the reported cases have been characterized as "actual pecuniary" loss demonstrated at trial. See, e.g., *Delahanty v. First Pennsylvania Bank, N.A.*, supra, 464 A.2d at 1257 (measure of damages is "actual loss" and victim entitled to "all pecuniary losses" which result from reliance on false representations (citing *Neuman v. Corn Exchange Nat. Bank & Trust Co.*, 356 Pa. 442, 451, 51 A.2d 759, 764 (Pa. 1947))). However, in assessing the availability of emotional distress damages in the context of economic claims premised on breach of contract, Pennsylvania courts have adverted to the restatement (first) of contracts § 341, which provides that

> "[i]n actions for breach of contract, damages will not be given as compensation for mental suffering, except where the breach was wanton or reckless and caused bodily harm and where it was the wanton or reckless breach of a contract to render a performance of such a character that the defendant had reason to know when the contract was made that the breach would cause mental suffering for reasons other than mere pecuniary loss."

See *Rodgers v. Nationwide Mutual Ins. Co.*, 496 A.2d 811, 814-15 (Pa. Super. 1985) (quoting restatement (first)

contracts § 341); see also *Fennell v. Nationwide Mut. Fire Ins. Co.*, 603 A.2d 1064, 1068 (Pa. Super. 1992).

Thus, even when viewing a transaction purely from the economic realm of private-ordering based on the law governing causes sounding in assumpsit, the restatement of contracts instructs that emotional damages are recoverable in those, albeit unusual, instances in which emotional distress or mental suffering was a particularly likely consequence of a breach of one's contractual obligations and that breach resulted in physical harm. Simply invoking the "economic" nature of the tort of fraud should not, therefore, categorically preclude recovery for emotional distress or mental suffering.

This view jibes with the treatment of misrepresentation in the relevant provisions of the restatement (second) of torts, which provides illustrations that militate against a blanket rejection of emotional distress claims whenever fraud is at issue. For instance, where the misrepresentation itself results in physical harm, such as deceit in representation of the fitness of a firearm that subsequently explodes and injures the plaintiff, recovery for all resulting injuries is appropriate. See restatement (second) torts § 557A; see also restatement (second) torts § 310 (where misrepresentation results in physical harm, damages recoverable in tort). In such circumstances, the natural and proximate harm readily could include mental suffering accompanying the physical injuries and it could not be seriously maintained the mere fact that the cause of action sounded in deceit would bar recovery. Cf. *Murphy v. Penn Fruit Co.*, 418 A.2d 480, 485 (Pa. Super. 1985) (noting in negligence cases mental suffering accompanying even minor physical injury compensable); also see *Armstrong*

*v. Paoli Memorial Hosp.*, 633 A.2d 605, 609 (Pa. Super. 1993) (in negligence action emotional distress damages recoverable when accompanied by physical symptoms). These examples, in concert with the relevant sections of the restatement of contracts cited above by the Superior Court, do, however, caution that recovery is appropriately limited to the particular subset of cases in which the circumstances of the parties' relationship or encounter rendered it foreseeable that such damages would follow as an anticipated consequence of a material misrepresentation and that a physical manifestation of the emotional distress resulted from the tortious conduct. See *Rodgers*, supra; accord *Umphrey v. Sprinkel*, supra, 682 P.2d at 1259. Although the precise circumstances in which such damages would be recoverable are more properly addressed on a case-by-case basis, it should certainly follow that when a defendant had reason to know of a particular mental or emotional fragility on the part of a plaintiff and preyed on that vulnerability through deceptive means, the law will not hesitate to compensate the victim for the damages occasioned. However, the mere loss of money, without more, will not suffice to allow recovery of emotional distress when fraud is alleged. Accord, Dobbs, supra, *Law of Remedies* at 698.

Recognizing the right to recover emotional distress damages in fraud cases analogous to the same small subset of actions recognized under the restatement of contracts § 341, cited in *Rodgers*, supra, also avoids the anomalous situation that otherwise might result from the gist-of-the-action doctrine. Although it has not been raised in this matter, under that principle, a cause of action which stems from the parties' economically-based contractual

arrangement will not be allowed to proceed in tort under a fraud theory. See, e.g., *Hart v. Arnold*, 884 A.2d 316, 339-40 (Pa. Super. 2005). And yet, if emotional-distress damages were recoverable under contract and not under fraud, the policy underpinnings of the gist-of-the-action doctrine would be subverted inasmuch as the scope of recovery would be more expansive under a cause of action sounding in assumpsit, which is ostensibly rooted in the more constrained realm of "mutual consensus," than would be available under the law of tort, which is presumably informed by "larger social policies." See *id.* In view of such a contradiction, it cannot be seriously maintained that the "economic" nature of the tort of fraud necessitates that recovery be constrained to pecuniary damages under circumstances when the law of assumpsit, if it were to apply, would sanction recovery of non-economic damages. Instead, the more coherent approach is to recognize that in the rare situation in which circumstances rendered it foreseeable that a material misrepresentation would occasion emotional distress for reasons beyond simply the loss of money, a fraudulent tortfeasor will remain answerable for all of the damages proximately caused by his conduct, including mental suffering that manifests itself in physical symptoms.

Turning back to the complaint filed in this matter, plaintiff has alleged no facts indicating that mental suffering or emotional distress was foreseeable in these circumstances or that such a result was, or reasonably should have been, within the contemplation or knowledge of defendant as a likely outcome. Nor has plaintiff pled that his emotional distress manifested itself in any physical symptoms. Accordingly, if plaintiff is in possession of unpled facts

satisfying these standards, they must be presented in an amended complaint. Otherwise, the averment respecting alleged emotional distress incurred by plaintiff will not warrant recovery on the facts pled and, absent an amended pleading stating a claim for punitive damages, it will be stricken as impertinent pursuant to Pa.R.C.P. 1028 (a) (2).

## Conclusion

For the foregoing reasons, plaintiff's claims for attorney's fees incurred in prior proceedings shall be stricken. The demurrer to punitive damages under the UTPCPL is sustained. Plaintiff shall further be required to file an amended complaint setting forth with sufficient specificity the basis for his claim of punitive damages for fraud, else that claim shall also be stricken. Finally, plaintiff shall be afforded an opportunity to re-plead the facts in support of his averment respecting emotional distress. Absent facts indicating that the defendant knew or should have known that emotional distress was a particularly likely result of a material misrepresentation, the averment regarding such mental suffering will be stricken as impertinent to the claim for compensatory damages.

## ORDER

And now, this day of March, 2012, upon consideration of defendant's preliminary objections, filed on February 8, 2012, and plaintiff's response thereto, filed on February 23, 2012, and for the reasons set forth in the accompanying opinion, and consistent with said opinion, said objections are sustained in part and denied in part.